# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MARTIN**, in his own right and as personal representative of the estate of Mary Jane Martin (Deceased), : : : : **Plaintiff** : : v. : : **THE GOODYEAR TIRE & RUBBER COMPANY,** : : : **Defendant** : | CIVIL ACTION NO. 4:09-CV-0810 (Judge Conner) |

## ORDER

AND NOW, this 3rd day of June, 2010, following a telephone conference with counsel of record in the above-captioned case on May 26, 2010, and it appearing that plaintiff Richard Martin ("Martin") seeks discovery from defendant Goodyear Tire & Rubber Company ("Goodyear"),[1] and that Goodyear contends that certain

---

[1] A discovery dispute arose in the above-captioned case just before the close of discovery on March 31, 2010. After a telephone conference held on April 7, 2010, the court conditionally extended the discovery deadline to permit Martin to request more materials from Goodyear, for the limited purpose of supplementing Goodyear's allegedly incomplete prior production. By letter dated April 12, 2010, Martin requested documentation concerning the following topics:
1. claims or complaints related to the G159 275/70R/22.5 tire (hereinafter "G159 tire"), from 1996 to present
2. claims or complaints related to the G670 275/70R/22.5 tire (hereinafter "G670 tire"), from 1996 to present
3. communications between Goodyear and any RV manufacturer, from 1996 to present, related to performance or durability of G159 tires
4. communications between Goodyear and any RV manufacturer, from 1996 to present, related to use of G159 tires on Class A motor homes
5. testing of G159 and G670 tires which was performed or contemplated by Goodyear

materials requested by Martin are not discoverable,[2] and the court concluding that Martin is entitled to request additional materials within the scope of his earlier discovery requests, but not beyond that scope, and the court further concluding that Martin's requests must be "reasonably calculated to lead to the discovery of admissible evidence[,]" FED. R. CIV. P. 26(b)(1), it is hereby ORDERED that Goodyear's objections to Martin's discovery requests are sustained in part and overruled in part as follows:

1. Goodyear shall respond to the following requests, <u>insofar as they do not exceed the scope of Martin's earlier discovery requests</u>, provided that, where relevant, the time period of "1996 to present" shall be narrowed to 1998 to 2001:

---

6. communications between Goodyear and NASCAR regarding performance, endurance, or testing of G159 and G670 tires
7. the design history of G159 and G670 tires
8. communications regarding contemplated and/or implemented design changes of G159 and G670 tires, from 1996 to present
9. Goodyear's analysis of G159 and G670 tires following alleged tread separation
10. communications between Goodyear and "A Weigh We Go"

Goodyear raises various objections to these requests, as discussed <u>infra</u>, note 2.

[2] According to Goodyear, Martin's requests exceed the scope of his original and supplemental requests, which is improper insofar as the court permitted Martin to supplement his prior requests, not to initiate discovery of new matters. In addition, Goodyear contends that some of Martin's requests are overly broad and unduly burdensome. Goodyear also objects to Martin's requests concerning the G670 tire, not only on the basis that they are beyond the scope of his earlier requests, but also because it contends that these requests are not "reasonably calculated to lead to the discovery of admissible evidence." Goodyear maintains that the G670 tire is not similar to the G159 tire, which is the tire at issue in the instant litigation, and therefore, documentation concerning the G670 tire would be irrelevant.

2

a. Request 1, concerning claims or complaints related to G159 tires, from 1998 to 2001,

  b. Request 3, concerning communications between Goodyear and any RV manufacturer, from 1998 to 2001, related to performance or durability of G159 tires,

  c. Request 4, concerning communications between Goodyear and any RV manufacturer, from 1998 to 2001, related to use of G159 tires on Class A motor homes,

  d. Request 5, insofar as it concerns testing of G159 tires,[3]

  e. Request 7, insofar as it concerns design history of G159 tires,

  f. Request 8, insofar as it concerns communications regarding G159 tires, from 1998 to 2001,

  g. Request 9, insofar as it concerns Goodyear's analysis of G159 tires, and

  h. Request 10, concerning communications between Goodyear and "A Weigh We Go."

2. Goodyear's objections are sustained in all other respects. Goodyear is not required to respond to Request 2, or any other requests for documentation concerning G670 tires; nor is Goodyear required to respond to Request 6, concerning Goodyear's communications with representatives of NASCAR.

      S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

---

[3] Goodyear's objections to Martin's requests for documentation concerning G670 tires shall be sustained.